Dear Mr. Herrin:
This office is in receipt of your letter requesting an Attorney General's Opinion as to the constitutionality of Act 781 of the 1997 Regular Session of the Louisiana Legislature. This Act transfers "lands, rights of way, servitudes and revenues" located within the parish of Lafourche from the Atchafalaya Basin Levee District to the South Lafourche Levee District. You state in your letter that the Atchafalaya Levee District is refusing to transfer such property contending Act 781 is unconstitutional. It is our understanding from your letter that the property in question, prior to 1995, was within the boundaries and under the concurrent jurisdiction of the both levee districts. Further, according to your letter, in 1995, the legislature reorganized the Atchafalaya Levee District to exclude Lafourche Parish from its district, thus removing the property in question from the Atchafalaya Levee District.
It is a general principle of judicial interpretation that the Legislature may enact any legislation that the state constitution does not prohibit. To hold legislation invalid under the constitution, it is necessary to rely on some particular constitutional provision that limits the power of the legislature to enact such a statute. Board of Commissioners of the OrleansLevee District v. Department of Natural Resources, 496 So.2d 281
(La. 1986). Thus, unless there is some specific constitutional provision which prohibits the legislature from transfering the property from the Atchafalaya Levee District to the South Lafourche Levee District, the legislature may enact such a statute. Your letter does not indicate a particular constitutional provision the Atchafalaya Levee District claims prohibits the legislature from transferring the property. In subsequent conversations, you have indicated that the Atchafalaya Levee District is claiming that the transfer divests a state agency of its property without compensation prohibited by Article I § 4 and/or constitutes a donation of public property prohibited by Article VII, § 14 (A) of the Louisiana Constitution. This opinion is therefore limited to determining whether we believe the transfer of property under Act 781 is prohibited by these constitutional provisions.
It is well settled that a levee district is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection. Board ofCommissioners of the Orleans Levee District v. Department ofNatural Resources, supra. Property is placed under the control of the levee district for supervision and administration. The land, for all practical intents and purposes, remains the property of the state. Id. Thus, the legislature's transfer of the property from the Atchafalaya Levee District to the South Lafourche Levee District can not constitute a taking of property by the state without compensation.[1] Likewise, for the same reasons, transfer of the state's property from one levee district to another does not constitute a donation of public property prohibited by Article VII, § 14 (A) of the Louisiana Constitution.
Furthermore, the Louisiana Constitution grants the legislature the specific authority to reorganize levee districts. Article VI, § 38 (A) provides:
 Section 38 (A) Retention; Reorganization; Consolidation. Levee districts as organized and constituted on January 1, 1974 shall continue to exist except that; (1) The legislature may provide by law for the consolidation, division, or reorganization of existing levee districts or may create new levee districts . . .
It is the opinion of this office that this provision allows the legislature, when reorganizing levee districts, to transfer property from a levee district to the levee district in which the property is located.
We trust the foregoing has been helpful. Should you have any further questions please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp
[1] Moreover, Article I § 4 protects individuals from the taking of private property for a non-public purpose or without just compensation. It does not prohibit the legislature's exercise of its plenary power or the state's police power from divesting a state agency of property held for a state purpose.Board of Commissioners of the Orleans Levee District v.Department of Natural Resources, 496 So.2d at 287 (La. 1986).